UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRYL VAN JOHNSON,

Petitioner,

v. CASE NO. 6:06-cv-575-Orl-31DAB

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

Respondents.

---

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition (Doc. No. 9) arguing that the petition should be dismissed because it was untimely, procedurally barred, and failed to present a federal question. Petitioner filed a reply (Doc. No. 16) and an amended reply (Doc. No. 18) to the response.

Petitioner alleges four claims for relief, articulated as follows:

1. "At plea hearing on July 31, 2002, no notice for H.O. [habitual offender] sentence."

2. "Unauthorized prosecution, Petitioner asserts he is being detained illegally and unlawful[ly]."

3. "(Non-final) partial denial from the Fifth District Courts of Appeal."

4. "Post-conviction motions raise same grounds as prior motions, could not be dismiss[ed] as successive."

(Doc. No. 1 at 6, 7, 9, & 10.)

***Procedural History***

Petitioner was charged in case number 02-1049CFAWS ("case 02-1049") by information with one count of burglary of a conveyance to which he entered a plea of nolo contendere. In accordance with the plea agreement, he was sentenced to a suspended ten-year habitual offender sentence. He was also granted a furlough and ordered to report for drug treatment or he would be sentenced to the ten-year habitual offender term of imprisonment. Petitioner failed to report, and an affidavit of violation of probation was filed.

Petitioner was also charged in case number 02-1238CFAWS ("case 02-1238") with burglary of a conveyance and obstructing an officer without violence relating to an incident that occurred while he was at liberty on the earlier charge. After a jury trial, he was found guilty of burglary of a conveyance in case 02-1238[1] and of violating his probation in case 02-1049. He was sentenced to a five-year term of imprisonment in case 02-1238 and a consecutive ten-year term of imprisonment in case 02-1049. Petitioner filed a direct appeal, and the Florida Fifth District Court of Appeal *per curiam* affirmed by order dated May 13, 2003. *Johnson v. State*, 848 So. 2d 338 (Fla. 5th DCA 2003). Petitioner filed a motion for rehearing, which was denied on June 18, 2003. Mandate was issued on July 7, 2003.

During the pendency of his direct appeal, Petitioner filed his first Florida Rule of Criminal Procedure 3.800 motion. The trial court denied the motion due to the pendency of the direct appeal.

---

[1]Petitioner was acquitted of the obstruction of an officer charge.

Petitioner filed a state petition for writ of habeas corpus on August 12, 2003.[2] The appellate court denied the petition on November 14, 2003.

On March 3, 2004, Petitioner filed another Rule 3.800 motion, which the trial court denied. The decision was *per curiam* affirmed on appeal, and mandate was issued on May 28, 2004. *Johnson v. State*, 874 So. 2d 595 (Fla. 5th DCA 2004).

On April 12, 2004, Petitioner filed a state petition for writ of mandamus. The appellate court denied the petition on June 10, 2004.

On August 6, 2004, Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief raising six claims. By order dated August 16, 2004, the trial court summarily denied five of the claims. Petitioner filed separate notices of appeal in each of the lower cases (case 02-1049 and case 02-1238) regarding the summary denial. The appellate court *per curiam* affirmed each case, issuing mandates on October 15 and November 12, 2004.

By order dated October 6, 2004, the trial court scheduled an evidentiary hearing on the remaining claim in Petitioner's Rule 3.850 motion. After the hearing, the trial court denied the remaining claim. Petitioner appealed, but on July 21, 2005, the appellate court dismissed the appeal for lack of prosecution.

---

[2]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

On June 10, 2005, Petitioner filed another state petition for writ of habeas corpus. On August 10, 2005, he filed a "motion to rule," and on August 12, 2005, he filed another Rule 3.800 motion. By order dated August 24, 2005, the trial court denied all three requests for relief. The appellate court *per curiam* affirmed the denials, and mandate was issued on March 24, 2006.

***Petitioner's Habeas Corpus Petition is Timely***

Pursuant to 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Respondents contend that the instant petition is untimely because is was filed more than one year after Petitioner's conviction became final. However, Respondents' calculation of the one-year period is flawed. The appellate court denied Petitioner's motion for rehearing on June 18, 2003. He then had ninety days, or through September 16, 2003, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13.[3] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on September 16, 2003, and Petitioner had through September 16, 2004, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired). Under the mailbox rule, the instant petition was filed April 25, 2006.

Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. Assuming that Petitioner's post-conviction motions were properly filed, the time was tolled as follows:

---

[3]Rule 13 provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

    (a) for 94 days while his first state habeas corpus petition was pending (August 12, 2003, through November 14, 2003);

(b) for 86 days while his second Rule 3.800 motion was pending (March 3, 2004, through May 28, 2004);

(c) for 349 days while his Rule 3.850 motion was pending (August 6, 2004, through July 21, 2005)[4]; and

(d) for 246 days while his second state habeas corpus petition was pending (July 21, 2005,[5] through March 24, 2006).

Thus, the one-year was tolled for a total of 775 days (2 years and 45 days). Accordingly, Petitioner had through October 31, 2006 (2 years and 45 days from September 16, 2004) to file his federal habeas corpus petition. Petitioner's April 25, 2006, habeas corpus petition was timely filed.

***Claim One***

Petitioner argues that he was neither given notice of nor qualified for a habitual offender sentence.

This Court expresses no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida sentencing law.

---

[4]Respondents failed to afford Petitioner credit for the full amount of time that Petitioner's Rule 3.850 proceedings were pending. They incorrectly determined that the Rule 3.850 proceedings became final on November 12, 2004, when mandate issued for the appeal regarding the summary denial of five of the claims. However, one claim was still pending; therefore, the Rule 3.850 proceedings were not final and continued to toll the one-year period.

[5]Petitioner filed his second habeas corpus petition on June 10, 2005, but his Rule 3.850 proceedings were still pending at that time. Therefore, the second state habeas proceedings did not begin to toll the one-year period until the July 21, 2005, when the Rule 3.850 proceedings concluded.

A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988), "*[i]n the area of state sentencing guidelines in particular*, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . ."). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). Because this claim is based exclusively on matters of state law, it must be denied.

***Claim Two***

Petitioner contends that he is being illegally and unlawfully detained because assistant state attorneys David McCoy and David Cromartie and retired Judge William Johnson were not under oath by the Department of Elections. Mr. McCoy and Mr. Cromartie were attorneys involved in the prosecution of Petitioner, and Judge Johnson presided over his Rule 3.850 evidentiary hearing.

This claim, like claim one, involves only questions of state law. Petitioner has not asserted or demonstrated a violation of federal law. Since federal habeas relief is not warranted for violations of state law, this claim must be denied.

***Claims Three and Four***

In claim three, Petitioner argues that the Florida Fifth District Court of Appeal improperly affirmed the denial of his Rule 3.850 motion. According to Petitioner, the Rule 3.850 motion was not final at the time the appellate court issued its decision. In addition, he ascribes error to the fact that a retired judge filled-in at the evidentiary hearing. Claim four, which is difficult to decipher, appears to challenge the denial of Petitioner's various post-conviction motions.

Procedurally, it is clear that claims three and four are not properly reviewable in a federal habeas proceeding. "A habeas petition must allege that the petitioner's detention violates the constitution, a federal statute, or a treaty. . . . [A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir.1989). In *Spradley v. Dugger*, 825 F.2d 1566 (11th Cir. 1987), the petitioner argued that the state trial court violated his due process rights when it denied his Rule 3.850 motion because it did not conduct an evidentiary hearing and because its opinion denying relief failed to attach those portions of the record on which it relied. The Eleventh Circuit Court of Appeals held that the state trial court's alleged errors in the Rule 3.850 proceedings did not undermine the validity of the petitioner's conviction; therefore, the claim went to issues unrelated to the cause of the

petitioner's detention, and it did not state a basis for habeas relief. *Id*. at 1567; *see also Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984) ( "Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.") (quotation omitted) (citation omitted).[6] In claims three and four, Petitioner alleges errors in the state postconviction review process which are not addressable through habeas corpus proceedings; consequently, they must be denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. **The Clerk of the Court shall enter judgment accordingly and is directed to close this case**.

**DONE AND ORDERED** at Orlando, Florida, this 7th day of March, 2008.

Copies to:
sa 3/7
Darryl Van Johnson
Counsel of Record

---

[6]In *David v. Price*, No. CIV. A. 97-7643, 1998 WL 404546, at *2 (E.D. Pa. July 15, 1998), the district court noted that "the majority of Circuits have held that . . . deficiencies [or errors in state post-conviction proceedings] are not reviewable in federal habeas proceedings." The district court also listed those circuits in the majority and the one circuit in the minority.